## Commonwealth v. Bilyk

*Harold L. Roth,* for defendant.

McCreary, P. J., November 13, 1946.—We have before us for consideration a motion on behalf of defendant to quash an information made against him on October 9, 1946, before W. S. Cameron, a justice of the peace of Aliquippa, Pa. The information charges assault and battery under the provisions of section 708 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4708.

The record of the justice of the peace shows that on October 10, 1946, at 10 a.m., defendant was arrested by virtue of a warrant issued to J. E. Tanner, constable, on oath of Wilbert J. Wilson, Ambridge, Pa., and that defendant was brought into the office of the justice of the peace and the charge read to him, whereupon defendant demanded a hearing.

The record further shows that four witnesses were produced, sworn and examined on the part of the Commonwealth, but shows nothing with relation to defendant or any of his witnesses. The record further

shows that the justice of the peace found defendant guilty and assessed a fine against him in the amount of $10 and costs. In this respect the record reads as follows:

"Whereupon it appearing to me, the said Justice of the Peace, that a prima facie case has been made out, the said defendant found guilty held to the next term of Court of Quarter Sessions and Oyer and Terminer, and bail required for appearance thereat in the sum of $50.00 on appeal."

Thereupon prosecutor entered a recognizance conditioned that he be and appear at and throughout the next term of the Court of Quarter Sessions of the Peace and Oyer and Terminer of Beaver County, Pa., to testify on the part of the Commonwealth, and defendant entered a like recognizance in the sum of $50, conditioned that he be and appear at the next term of the Court of Quarter Sessions of the Peace of Beaver County to answer the charge of assault and battery.

Today, defendant filed a motion to quash the information on the grounds that (a) the justice of the peace has no jurisdiction to make a final determination of the criminal charge of assault and battery, he having only jurisdiction to hold defendant for court, or, if defendant be found not guilty, to assess costs or discharge defendant, it being alleged that the justice of the peace has no power to levy and assess a fine as in a summary conviction; and (b) "the justice of the peace acted beyond his jurisdiction and the information is now improperly before this court".

The proper motion to have been made by defendant should have been a motion to be discharged from custody, or a motion to be released from his recognizance and discharged without day. However, we are going to treat the motion to quash the information as one filed by defendant to be discharged from his recog-

nizance without day, it evidently being the intention of defendant to file such a motion.

We are of the opinion that the motion should be granted for the following reasons:

1. A person charged with the commission of the misdemeanor of assault and battery is entitled to a trial by jury, unless he voluntarily waives this right, under the acts of assembly in such cases made and provided. There being nothing in the record to show that defendant did waive his right to a trial by jury, the justice of the peace had no jurisdiction to levy and assess a fine, or to hold him to bail until the fine is paid. The Constitution of 1874 in Pennsylvania provides that the right to the trial by jury shall be as heretofore. At common law, as well as under the Criminal Code of 1860, persons charged with the misdemeanor of assault and battery are entitled to trial by jury, and a justice of the peace has no power to convict a defendant charged with assault and battery, no such summary powers having been conferred upon such magistrates under any law now in force in Pennsylvania.

2. The Act of May 27, 1919, P. L. 306, sec. 1, provides as follows:

"That in all cases of prosecutions for assault or assault and battery, the alderman, justice of the peace, or magistrate, before whom such case is instituted, shall, before he binds any person so charged over to the court of quarter sessions upon the oath of any complainant, enter into a full hearing and investigation of the facts charged, and shall only bind over the defendant to the said court when he is satisfied from the evidence that the prosecution is reasonably well founded."

There is nothing on the face of the record of the justice of the peace, which has been submitted to this court, which indicates that the committing magistrate entered "into a full hearing and investigation of the facts charged" and indicating that "he is satisfied from the evidence that the prosecution is reasonably well

founded". It is essential to the jurisdiction of the justice, insofar as his right to hold a defendant to bail in assault and battery cases, that he enter into a full hearing and investigation of the facts charged, and that he be satisfied from the evidence that the prosecution is reasonably well founded. If this does not appear on the face of the record of the justice of the peace, defendant is entitled to be discharged from custody or to be released from his recognizance and discharged without day. For a review of the cases holding to this effect see Commonwealth v. Hicks et ux., 8 D. & C. 735.

We, therefore, make the following

### Order

Now, to wit, November 13, 1946, for the reasons stated in the foregoing opinion, it is now ordered, adjudged, and decreed that defendant, Joe Bilyk, be released from his recognizance and discharged without day; no costs to be allowed.